UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE EMMOREY,

       Plaintiff,	Hon. Ellen S. Carmody

v.	Case No. 1:16-cv-314

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 11). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 55 years of age on his alleged disability onset date. (PageID.212). He successfully completed high school and previously worked as a headlight assembler, metal building assembler, maintenance worker, and die setter. (PageID.104, 228). Plaintiff applied for benefits on December 9, 2013, alleging that he had been disabled since January 9, 2011, due to illiteracy, bad back, bone spur on his toe, tendonitis in both elbows, and broken collarbones. (PageID.212-13, 227). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.116-208).

On October 29, 2014, Plaintiff appeared before ALJ Paul Greenberg with testimony being offered by Plaintiff and a vocational expert. (PageID.70-114). In a written decision dated February 19, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. (PageID.59-65). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.47-51). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v.*

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from degenerative disc disease, a severe impairment that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.60-62). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform medium work[2] subject to the following limitations: (1) he can only frequently climb ramps or stairs; (2) he can only frequently balance, stoop, kneel, crouch, or crawl; and (3) he can only occasionally climb ladders or scaffolds. (PageID.62). A vocational expert testified that, if limited to the extent reflected in the ALJ's RFC determination, Plaintiff could still perform his past relevant work as a headlight assembler and maintenance worker. (PageID.103-05). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        Plaintiff's Residual Functional Capacity**

A claimant's residual functional capacity (RFC) represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). As noted above, the ALJ concluded that Plaintiff retained the ability to perform a range of medium

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

---

work.  Plaintiff argues that he is entitled to relief because the ALJ's RFC determination is not supported by substantial evidence.  Specifically, Plaintiff asserts that he is limited to light work.  The scant medical evidence, however, supports the ALJ's conclusion.

On June 19, 2012, Plaintiff was examined by Physician's Assistant, Amy Werling. (PageID.329-32).  Plaintiff reported that he was experiencing persistent back pain.  (PageID.329). Straight leg raising was negative and an examination of Plaintiff's lumbar spine revealed "pain free active ROM [range of motion] with no limiting factors."  (PageID.331).  An examination of Plaintiff's lower extremities revealed "normal" strength with no evidence of neurovascular abnormality. (PageID.331).  Plaintiff was prescribed medication and and instructed to perform back stretching exercises.  (PageID.331).

A September 20, 2012, examination revealed "normal range of motion, muscle strength, and stability in all extremities with no pain on palpation."  (PageID.327).  An examination of Plaintiff's lumbar spine revealed "no. . .tenderness with "normal mobility and curvature." (PageID.327).  Plaintiff reported that his "symptoms are relieved by walking."  (PageID.326). Plaintiff was advised to participate in physical therapy.  (PageID.327).  A December 17, 2012 examination revealed similar findings.  (PageID.322-25).

On June 18, 2013, Plaintiff was examined by Dr. R. Scott Lazzara.  (PageID.347-51). Plaintiff reported that he experiences "chronic back pain."  (PageID.347).  Plaintiff reported that he discontinued working, not because of any impairment, but because "he was having issues with co-workers."  (PageID.347).  Plaintiff reported that he now "mostly spends his time working on his tractor at home."  (PageID.347).  Plaintiff reported that he had not participated in physical therapy. (PageID.347).  A musculoskeletal examination revealed:

> There is no evidence of joint laxity, crepitance, or effusion. Grip strength remains intact. Dexterity is unimpaired. The patient could pick up a coin, button clothing and open a door. The patient had no difficulty getting on and off the examination table, mild difficulty heel and toe walking, mild difficulty squatting, and no difficulty hopping. There is thoracic kyphosis of 15°. There is lumbar spine straightening. Straight leg raising is negative.

(PageID.348).

> The results of a neurological examination were as follows:
>
> Cranial nerves are intact. Motor strength is normal. Tone is normal. Sensory is intact to light touch and pinprick. Reflexes are 2+ and symmetrical. The patient walks with a normal gait without the use of an assist device.

(PageID.350).

> X-rays of Plaintiff's lumbar spine revealed:
>
> Vertebral height and alignment are satisfactory. Disc spaces are well maintained. No significant end plate spurring or eburnation can be identified. I see no abnormalities affecting the posterior elements or sacroiliac joints. There is minimal calcium deposition along the walls of the distal abdominal aorta.

(PageID.346).

> The doctor concluded his observations as follows:
>
> He did have some mild thoracic kyphosis and did have some associated lumbar spine straightening with possibly mild facet arthropathy. Neurologically, he did appear stable as well as having a stable gait. He did have mild difficulty doing orthopedic maneuvers mostly because of stiffness in his back. At this point, continued activity and avoidance of repetitive work would be indicated. He does complain of tendonitis in both arms but his grip strength and dexterity were well preserved. There were no findings of carpal tunnel disease.

(PageID.350-51).

On March 6, 2014, Plaintiff was examined by Dr. Michael Geoghegan. (PageID.372-75). A physical examination revealed the following:

> There are no obvious bony deformities. Peripheral pulses are easily palpated and symmetrical. There is no edema. There are no paravertebral muscle spasms noted. Range of motion is intact and full throughout. Straight leg raise is negative bilaterally. There is no erythema or effusion of any joint. Grip and pincher strength is decreased bilaterally with 80% remaining as tested grossly today. The hands have full dexterity bilaterally.

(PageID.373).

A neurological examination revealed the following:

> Strength is 5/5 throughout. Grip strength is noted above. Motor and sensory function remains intact. Romberg's test is negative.[3] Cranial nerves II through XII are grossly intact. The patient is awake, alert and oriented to person, place and time and affect is calm and composed. Reflexes are present and symmetrical. No disorientation is noted.

(PageID.374).

The ALJ's RFC finding is supported by substantial evidence. The medical evidence does not reveal that Plaintiff suffers from an impairment or experiences symptoms which are inconsistent with his RFC. Plaintiff's argument that the ALJ's RFC must mimic or be based upon the findings of Plaintiff's care providers is contrary to Sixth Circuit authority. *See, e.g., Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) ("the Commissioner has final responsibility for determining an individual's RFC...and to require the ALJ to base her RFC finding

---

[3] Romberg test is a neurological test designed to detect poor balance. *See* Romberg Test, available at http://www.mult-sclerosis.org/RombergTest.html (last visited on January 10, 2017). The patient stands with her feet together and eyes closed. The examiner will then push her slightly to determine whether she is able to compensate and regain her posture. *Id.*

on a physician's opinion 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled'"); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ not a physician ultimately determines a claimant's RFC."). This argument is, therefore, rejected.

**II.          Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that he was more limited than the ALJ recognized. Specifically, Plaintiff testified that he experiences constant throbbing pain in his elbows. (PageID.91). Plaintiff reported that he could only walk short distances before his back would begin hurting. (PageID.94). Plaintiff testified that he has to lay down and rest his back every afternoon for 30-45 minutes. (PageID.95). The ALJ discounted Plaintiff's subjective allegations. (PageID.63-64). Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed.

Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should

not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

> In support of his decision to discount Plaintiff's credibility, the ALJ concluded:
>
> Several factors impair the claimant's credibility as to the allegedly disabling severity of his impairments.  The claimant inconsistently has reported he stopped working in January 2011 (his current alleged onset date) and in June 2012 (Ex. 2E, 4E, 6E).  At hearing, he admitted to working as recently as June 2014, although for only a short period.  The claimant also testified he left his last long-term employment because of interpersonal problems with other employees, rather than because of any physical or exertional limitation.  I note the claimant has repeatedly described his back pain as stable to treating sources (Ex. 1F, 4F, 7F).  I further note the claimant has reported engaging in relatively strenuous activities since his alleged onset date, including attempts to play golf, mowing his grass, and working on tractors (Ex. 3F, 4F).
>
> On the subject of the claimant's mental health allegations, I note he successfully worked in skilled and semi-skilled jobs for substantial stretches of time in the past and reported no mental difficulty performing the work (Ex. 4E, 3F, 5F).  Although the claimant has reported illiteracy or an inability to read or write to some consultative examiners, he admitted at hearing he has at least a basic ability to read and do math (Ex. 5F, 6F).

(PageID.63-64).

The ALJ's observations are supported by and are consistent with the evidence of record.  While Plaintiff has argued that the ALJ could have weighed the evidence differently, the question is not whether a different interpretation of the evidence would be supported, but instead whether the ALJ's assessment is supported by substantial evidence.  Because the ALJ's assessment is supported by substantial evidence, this argument is rejected.

**III.       The ALJ's Sequential Analysis**

Finally, Plaintiff argues that the ALJ erred at Step V of the sequential evaluation by improperly relying on the testimony of a vocational expert as to the number of jobs Plaintiff could perform consistent with his RFC.  The ALJ did not make any Step V findings, however, but instead found Plaintiff not disabled at Step IV of the sequential process on the ground that he could still perform his past relevant work.  Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.


Date:  January 20, 2017                                  /s/ Ellen S. Carmody
                                                                        ELLEN S. CARMODY
                                                                        United States Magistrate Judge